UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATT POWELL,

        Petitioner,

            v.                     CAUSE NO. 3:25-CV-537-GSL-JEM

WARDEN,

        Respondent.

OPINION AND ORDER

Matt Powell, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision (CIC-23-12-2759) at the Correctional Industrial Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted trafficking in violation of Indiana Department of Correction Offenses 111 and 113. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Powell argues that he is entitled to habeas relief because he never possessed the books identified by correctional staff as being laced with synthetic marijuana. The court construes as an argument that the administrative record lacked sufficient evidence to support a finding of guilt against him.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines the offense of trafficking in relevant part as "receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." ECF 14-14 at 2. The administrative record includes a conduct report in which an investigator represented that, in November 2023, the mailroom staff had sent him books addressed to Powell because the company that had purportedly sent them had been closed since 2017. ECF 14-1. The investigator represented that the book pages tested positive for synthetic cannabinoids and that Powell had signed paperwork indicating that he anticipated receiving the books. *Id.* The administrative record also includes the test results, the signed paperwork, and a purported invoice from the book company addressing the books to Powell. ECF 14-2; ECF 14-3; ECF 14-5; ECF 14-11 at 4.

The conduct report, test results, signed paperwork, and the purported invoice constitute some evidence that Powell attempted to engage in trafficking as defined by departmental policy. Powell's signature on the confiscation forms and his name on the invoice support that Powell made an intentional but unsuccessful effort to receive the books laced with synthetic marijuana. Evidence of possession was not necessary for the hearing officer to find that Powell merely attempted to receive them. Therefore, the sufficiency of the evidence claim is not a basis for habeas relief.

Powell also argues that he is entitled to habeas relief because he did not receive a timely decision on administrative appeal and because correctional staff declined to send the books for outside testing. A speedy administrative appeal process is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, "[p]rison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017). Therefore, these claims are not a basis for habeas relief.

Finally, Powell argues that he is entitled to habeas relief because when he inquired about time limits, the hearing officer replied, "DOC is allowed to do what we want," and when he represented that he did not smoke, the hearing officer looked at Powell and said, "Oh yeah, you're a smoker. I'm not retesting the book, and you're guilty." ECF 7 at 5. Though Powell does not elaborate on the import of these interactions, the court liberally construes them as a claim that the hearing officer was improperly biased. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Due process does forbid officials who are directly or substantially involved in the factual events underlying the disciplinary charges, or the investigation thereof, from serving on the board hearing the charge." *Id.* at 667.

The description of the first interaction is too vague to suggest impermissible bias. The hearing officer's first statement, construed literally, is false and potentially problematic, but Powell does not specifically describe his inquiry regarding time limits. As a result, the complete context of the statement is unclear, and the court cannot find that the hearing officer's first statement amounts to impermissible bias. The hearing officer's second statement amounts to a series of decisions related to the disciplinary case: a credibility finding, a denial of a request for evidence, and finding of guilt. *See Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015) ("Adverse rulings do not constitute evidence of judicial bias."). Therefore, the claim of improper bias is not a basis for habeas relief.

Because Powell has not asserted a valid claim for habeas relief, the habeas petition is denied. If Powell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Matt Powell leave to proceed in forma pauperis on appeal.

SO ORDERED on June 25, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT